707 P.2d 327

**ORACLE FOOTHILLS ESTATES, INC.
an Arizona corporation,
Plaintiff/Appellant,**

v.

**SMIRA, OLIVER AND ASSOCIATES, an Arizona corporation; and MCS Collection Services, Inc., a corporation, Defendants/Appellees.**

**No. 2 CA-CIV 5322.**

Court of Appeals of Arizona,
Division 2, Department A.

May 15, 1985.

Review Denied Oct. 8, 1985.

**530**

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr. and Jonathan Rothschild, Tucson, for plaintiff/appellant.

John W. Acer, Phoenix, Dennis L. Parrott, Ltd., Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Presiding Judge.

On January 14, 1982, Oracle Foothills Estates, Inc. agreed to sell and Smira, Oliver and Associates agreed to purchase a certain parcel of land near the intersection of Rudasill and Oracle roads in Pima County for $600,000. The written deposit receipt and purchase agreement acknowledged the receipt by Oracle Foothills of a check for $25,000 as earnest money and part of the purchase price. The agreement set closing for February 10, 1982.

The agreement also provided that the purchaser could have until closing to conduct site studies of the acreage in order to determine if it could be developed. If the purchaser was dissatisfied with the results of these studies, it could terminate the agreement by written notice to the seller and the escrow agent. The agreement thus would be void and the earnest money was to be returned to the purchaser.

The purchaser engaged an engineer to determine the development feasibility of the property, and subsequently decided that it was improbable the property could be developed as it had intended. However it failed to notify the seller by the closing date, February 10. The $25,000 check was returned to Oracle Foothills by the bank twice, dishonored for reason of insufficient funds. The check was never honored. On February 10, 1982, the purchaser caused a notice to be mailed to both the seller and escrow agent that it was cancelling the escrow. That notice was received by each of them on February 17. However, on February 12, the seller, by letters to the escrow agent and the purchaser, declared the purchaser in default for failure to close. The escrow agent then notified the purchaser that it must perform by February 25 or the agreement would be cancelled and the earnest money would be forfeited. The escrow agent mailed this demand to the purchaser on February 12. This notice of cancellation was also provided for in the deposit receipt and agreement, as was the forfeiture. See *O'Hare v. Griesmer*, 132 Ariz. 30, 643 P.2d 733 (App.1982).

█ The seller was the plaintiff in the trial court, seeking a judgment for the $25,000. As requested, pursuant to Rule 52(a), Arizona Rules of Civil Procedure, 16 A.R.S., the trial court made findings of fact and conclusions of law. The findings included the facts related above. Insofar as the findings also suggested that oral notice of cancellation may have been given prior

to February 10, no evidence supports any such finding. The only evidence tending to show any such oral notice is the testimony of Lawrence Smira that on February 10, he told Mr. Diamos, seller's agent, "I wasn't going to do the deal, but I was still trying to sell it." As the trial court noted, Mr. Diamos denied that even those words were spoken and testified that Smira said he would see him in Tucson on February 8. The trial court's finding was only that both witnesses so testified. That is not a finding which is binding on this court. The trial court ruled in favor of the defendant-purchaser, finding that because its notice of cancellation was first and timely, the agreement had become null and void and the seller was not entitled to the earnest money. We disagree.

As the appellant contends, the notice of February 10th was not received by the seller until seven days later and was therefore untimely. Actual notice of the cancellation was required. *Freedman v. Continental Service Corp.*, 127 Ariz. 540, 622 P.2d 487 (App.1980). The notice from the purchaser was not received until February 17. That was seven days after the required closing date. The later notice of default did not extend that time. Having failed to give timely notice, the purchaser had two options, perform or forfeit the earnest money. Even though the courts abhor a forfeiture, a valid contract will be enforced according to its terms. *Freedman,* supra.

Reversed and remanded with directions to enter judgment for $25,000, interest from February 10, 1982, and attorney fees, all in favor of the appellant. We also award attorney fees and costs on appeal. The appellant is directed to file a statement pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (Supp. Pamph.1984).

HOWARD and FERNANDEZ, JJ., concur.